<table>
<tr><td>DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>449 San Juan St.<br>P.O. Box 148<br>Pagosa Springs, CO 81147<br><br>NATIONAL SURETY CORPORATION, an Illinois Corporation, as subrogee of FITZGERALD RANCH,<br><br>Plaintiff,<br>v.<br><br>ELECTRO PLASTICS, INC., a Missouri Corporation,<br><br>Defendant.</td><td>DATE FILED: April 19, 2017 3:34 PM<br>FILING ID: A0CC43B4A78B2<br>CASE NUMBER: 2017CV30053<br><br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Attorneys for Plaintiffs:<br>Thomas M. Dunford #31765<br>Sarah E. Killeen #31992<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>Telephone: (720) 479-3910<br>Facsimile: (720) 479-3890<br>tdunford@cozen.com<br>skilleen@cozen.com</td><td>Case Number: 17cv<br><br>Div.</td></tr>
<tr><td colspan="2">COMPLAINT AND JURY DEMAND</td></tr>
</table>

Plaintiff National Surety Corporation, through its attorneys Cozen O'Connor, states the following Complaint against defendant Electro Plastics, Inc.:

## GENERAL ALLEGATIONS

1. At all relevant times, Plaintiff National Surety Corporation ("National Surety") was an Illinois corporation with its principal place of business in Chicago, Illinois. At all relevant times, National Surety was authorized to do business in the State of Colorado and insured property owned by the Fitzgerald family located at 5540a CR 382, Chromo, Archuleta County, Colorado, known as the Fitzgerald Ranch.

2. At all relevant times, defendant Electro Plastics, Inc. ("Electro Plastics") was, on information and belief, a Missouri corporation with its principal place of business in Maryland Heights, Missouri. At all relevant times, Electro Plastics was in the business of designing, manufacturing and selling a product known as STEP Roof Deicing System ("STEP").

EXHIBIT A

3. At all relevant times, Electro Plastics was doing business and selling STEP systems in the state of Colorado.

4. Electro Plastics intended that its STEP systems be used to prevent snow buildup and ice damming on roofs, valleys, eaves, and gutters.

5. The STEP system consists of thin, flexible heating elements that operate at extra-low voltage.

6. The electrical heating elements are intended to melt ice and snow that would otherwise accumulate on roofs.

7. Electro Plastics claims that the STEP heating elements are self-regulating. As the materials gets warmer, less electricity passes through the plastic.

8. Electro Plastics claims that the STEP system can be installed under any rooftop and configuration—new construction, remodeling, and existing roofs.

9. Electro Plastics claims that the STEP system is very versatile and can be used for residential, commercial and industrial applications.

10. In or about September 2013, a STEP roof deicing system designed, manufactured, and sold by Electro Plastics was installed as part of the roof assembly at the Fitzgerald Ranch, 5540a CR 382, Chromo, Archuleta County, Colorado.

11. After the STEP system was installed under the metal roof at the Fitzgerald Ranch, components of the STEP system deteriorated, resulting in exposed electrical conductors.

12. Because of the deterioration of the STEP system components, the Electro Plastics STEP product arced to conductive material near the STEP.

13. On or about November 14, 2015 a fire erupted at the Fitzgerald Ranch.

14. The fire was ignited by the arcing of STEP system components, which ignited nearby combustible materials.

15. The fire caused by the failure of the Electro Plastics STEP system damaged the Fitzgerald Ranch home and destroyed or damaged many of its contents.

16. Following the fire, the Fitzgerald Ranch home was not habitable.

17. After the fire, the Fitzgerald family presented a claim to National Surety. Under the Fitzgerald Ranch insurance policy, National Surety made payments to or on behalf of the Fitzgerald family for damages caused by the Fitzgerald Ranch fire.

18. National Surety is equitably and contractually subrogated against Electro Plastics to the extent of payments made to or on behalf of the Fitzgerald Ranch and Fitzgerald family for damages caused by the fire.

**FIRST CLAIM FOR RELIEF**
**[Strict Liability]**

19. Plaintiff adopts and incorporates by reference its General Allegations.

20. Electro Plastics was engaged in the business of designing, manufacturing and selling the STEP system that was installed in the Fitzgerald Ranch home.

21. The STEP system designed and manufactured by Electro Plastics was defective at the time it was sold by Electro Plastics or left Electro Plastics' control.

22. The defective nature of the STEP system designed and manufactured by Electro Plastics made the STEP unreasonably dangerous to persons and property at the Fitzgerald Ranch home.

23. Electro Plastics failed to warn users and consumers of the STEP system about the defects in the design and manufacture of the STEP system.

24. Electro Plastics' failure to warn made the STEP system unreasonably dangerous to persons and property at the Fitzgerald Ranch home.

25. Electro Plastics' STEP system was expected to be installed and was installed in the Fitzgerald Ranch home without substantial change in the condition in which it was originally sold by Electro Plastics.

26. Plaintiff would reasonably be expected to sustain harm and damage caused by defects in the design and manufacture of Electro Plastics' STEP system and by Electro Plastics' failure to warn about the hazards of the STEP system.

27. Because of the defects in the design and manufacture of Electro Plastics' STEP system and Electro Plastics' failure to warn, Plaintiff sustained damages and losses in amounts to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**[Negligence]**

28. Plaintiff adopts and incorporates by reference its General Allegations and its previous claim for relief.

29. Electro Plastics owed a duty to the Fitzgerald family and Fitzgerald Ranch to properly design, manufacture, test, and label the STEP system before it was sold.

30. Electro Plastics breached its duty of care by failing to properly design, manufacture, test, and label the STEP system before it was sold.

31. Electro Plastics breached its duty of care by failing to issue proper warnings about the dangers of using the STEP system as part of the roofing assembly at the Fitzgerald Ranch home.

32. As a direct and proximate result of Electro Plastics' breach of its duty to properly design and manufacture the STEP system and breach of its duty to warn about the dangers of using the STEP system, Plaintiff sustained damages and losses in amounts to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**[Breach of Warranty]**

33. Plaintiff adopts and incorporates by reference its General Allegations and its previous claims for relief.

34. Electro Plastics designed, manufactured and, as a merchant, sold the STEP system that was installed as part of the roof assembly at the Fitzgerald Ranch home.

35. Electro Plastics impliedly warranted that the STEP system installed in the Fitzgerald Ranch home was suitable and safe for use as part of the roof assembly in the home.

36. The STEP system installed in the roof assembly at the Fitzgerald Ranch home was used for a purpose which was intended by Electro Plastics and in a manner which was foreseeable to Electro Plastics.

37. The STEP system was not merchantable at the time of its sale and was not suitable or fit for its particular purpose because of defects in the design, manufacture and warnings for which Electro Plastics is responsible.

38. Electro Plastics reasonably should have foreseen that Plaintiff would be damaged by the defects in the design, manufacture, and failure to warn that made the STEP system unreasonably dangerous.

39. Plaintiff notified Electro Plastics of the STEP system failure and the November 11, 2015 fire within a reasonable time after it became aware of Electro Plastics' breach of warranty.

40. Electro Plastics' breach of warranty caused damages and losses to Plaintiff in an amount to be proven at the time of trial.

**FOURTH CLAIM FOR RELIEF**
**(Negligence Per Se)**

41. Plaintiff adopts and incorporates by reference its General Allegations and its previous claims for relief.

42. At the time the STEP system was installed at the Fitzgerald Ranch in September 2013, the State of Colorado had adopted and had in effect the 2011 version of the National Electric Code.

43. One of the purposes of the National Electric Code was to protect against and prevent the type of injury and damage caused by the fire at the Fitzgerald Ranch.

44. Fitzgerald Ranch and Plaintiff were members of the group of persons the National Electric Code was intended to protect.

45. Electro Plastics STEP system violates the applicable National Electric Code in multiple instances, including a failure to provide adequate ground fault protection.

46. Electro Plastics' STEP system's violations of the National Electric Code constitutes negligence.

47. Electro Plastics' STEP system's violations of the National Electric Code were a cause of the November 14, 2015 fire at the Fitzgerald Ranch and a cause of Plaintiff's damages.

**FIFTH CLAIM FOR RELIEF**
**(Violation of Consumer Protection Act)**

48. Plaintiff adopts and incorporates by reference its General Allegations and its previous claims for relief.

49. In the course of its business, Electro Plastics represented that its STEP system product was reasonably safe for use as a deicer in the roof assembly at the Fitzgerald Ranch home.

50. Electro Plastics' claim that its STEP system product was reasonably safe for use as a deicer in the Fitzgerald Ranch home constitutes a representation that the STEP system was of a particular quality when, in fact, Electro Plastics knew or should have known that its STEP product could not be safely installed in the Fitzgerald Ranch home and could start a fire even when installed according to Electro Plastics' instructions.

51. Electro Plastics' representation constitutes a deceptive trade practice under the Colorado Consumer Protection Act, C.R.S. Section 6-1-105 (1).

52. Electro Plastics' deceptive trade practice occurred in the course of Electro Plastics' business of designing, manufacturing, marketing and selling its STEP system product.

53. Electro Plastics' deceptive trade practice significantly impacts the public as actual or potential consumers of Electro Plastics' STEP product.

54. In committing these deceptive trade practices, Electro Plastics engaged in bad faith conduct as defined in C.R.S. Section 6-1-113(2).

55. Plaintiff suffered injuries to legally protected interests as a consequence of Electro Plastics' deceptive trade practice.

56. Electro Plastics' deceptive trade practice caused the November 11, 2015 fire and Plaintiff's injuries, damages, and losses.

57. Such deceptive trade practices entitle Plaintiff to its costs in bringing this action, reasonable attorney fees, and treble damages as provided by C.R.S. Section 6-1-113.

## PRAYER FOR RELIEF

Having stated its causes of action against defendant Electro Plastics, Inc., Plaintiff prays for judgment in its favor and against defendant Electro Plastics as follows:

1. For compensatory damages in amounts to be determined at the time of trial;
2. For treble damages pursuant to statute;
3. For Plaintiff's costs and expenses incurred herein;
4. For prejudgment interest as allowed by law;
5. For attorneys fees as allowed by law; and
6. For such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY AND TENDERS HEREWITH THE REQUIRED JURY FEE.**

Dated this 19th day of April 2017.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Thomas M. Dunford*

Thomas M. Dunford, Esq.
Sarah E. Killeen, Esq.
*Attorneys for Plaintiff National Surety Corporation*

Plaintiff's Address:

National Surety Corporation
33 West Monroe Street
Chicago, Illinois 60603

| | |
|---|---|
| DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>449 San Juan St.<br>P.O. Box 148<br>Pagosa Springs, CO 81147 | DATE FILED: April 19, 2017 3:34 PM<br>FILING ID: A0CC43B4A78B2<br>CASE NUMBER: 2017CV30053 |
| NATIONAL SURETY CORPORATION, an Illinois Corporation, as subrogee of FITZGERALD RANCH,<br><br>Plaintiff,<br>v.<br><br>ELECTRO PLASTICS, INC., a Missouri Corporation,<br><br>Defendant. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs:*<br>Thomas M. Dunford #31765<br>Sarah E. Killeen #31992<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>Telephone: (720) 479-3910<br>Facsimile: (720) 479-3890<br>tdunford@cozen.com<br>skilleen@cozen.com | Case Number: 17cv<br><br>Div. |

## CIVIL CASE COVER SHEET

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

☐ This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☒ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☒ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 49 days of the at-issue date. See C.R.C.P. 16.1(e). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 35 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

**3.** ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: April 19, 2017

*s/ Thomas M. Dunford*
Thomas M. Dunford, #31765
*Attorney for Plaintiff*

| | |
|---|---|
| DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>449 San Juan St.<br>P.O. Box 148<br>Pagosa Springs, CO 81147 | DATE FILED: April 19, 2017 3:34 PM<br>FILING ID: A0CC43B4A78B2<br>CASE NUMBER: 2017CV30053 |
| NATIONAL SURETY CORPORATION, an Illinois Corporation, as subrogee of FITZGERALD RANCH,<br><br>Plaintiff,<br>v.<br><br>ELECTRO PLASTICS, INC., a Missouri Corporation,<br><br>Defendant. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs:*<br>Thomas M. Dunford #31765<br>Sarah E. Killeen #31992<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>Telephone: (720) 479-3910<br>Facsimile: (720) 479-3890<br>tdunford@cozen.com<br>skilleen@cozen.com | Case Number: 17cv<br><br>Div. |

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANTS**

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: April 19, 2017

*s/ Thomas M. Dunford*
Thomas M. Dunford, #31765
Sarah Earle Killeen, #31992
*Attorneys for Plaintiff*

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

| | |
|---|---|
| DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>449 San Juan St.<br>P.O. Box 148<br>Pagosa Springs, CO 81147 | DATE FILED: June 2, 2017 11:24 AM<br>FILING ID: 25E0CC31DD01A<br>CASE NUMBER: 2017CV30053 |
| NATIONAL SURETY CORPORATION, an Illinois Corporation, as subrogee of FITZGERALD RANCH,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRO PLASTICS, INC., a Missouri Corporation,<br><br>Defendant. | ▲ COURT USE ONLY ▲ |
| Attorney for Defendant:<br>Todd A. Schwarz, #28333<br>Miller Stratvert P.A.<br>P.O. Box 25687<br>Albuquerque, New Mexico 87125<br>Telephone:(505) 842-1950<br>Facsimile: (505) 243-4408<br>E-mail: tschwarz@mstlaw.com | District Court Case Number:<br>2017CV30053 |
| **ENTRY OF APPEARANCE** | |

Todd A. Schwarz of Miller Stratvert P.A. enters his appearance as attorney for Defendant Electro Plastics, Inc. in the above matter.

Dated this 2nd day of June, 2017.

Respectfully submitted,

MILLER STRATVERT P.A.

By: */s/ Todd A. Schwarz*
Todd A. Schwarz
Attorneys for Defendant
P.O. Box 25687
Albuquerque, New Mexico 87125
(505) 842-1950
tschwarz@mstlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing Entry of Appearance was transmitted this 2nd day of June, 2017, via ICCES, and addressed to:

Thomas M. Dunford
Sarah E. Killeen
Cozen O'Connor
707 17th St., Ste. 3100
Denver, CO 80202
Attorneys for Plaintiffs

*/s/ Todd A. Schwarz*
Todd A. Schwarz

\\Abq-tamarack\ProData\000064-047621\Pleadings\2982474.docx

| | |
|---|---|
| DISTRICT COURT, ARCHULETA COUNTY, COLORADO<br>449 San Juan St.<br>P.O. Box 148<br>Pagosa Springs, CO 81147 | DATE FILED: June 2, 2017 11:24 AM<br>FILING ID: 25E0CC31DD01A<br>CASE NUMBER: 2017CV30053 |
| NATIONAL SURETY CORPORATION, an Illinois Corporation, as subrogee of FITZGERALD RANCH,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRO PLASTICS, INC., a Missouri Corporation,<br><br>Defendant. | ▲ COURT USE ONLY ▲ |
| Attorney for Defendant:<br>Todd A. Schwarz, #28333<br>Miller Stratvert P.A.<br>P.O. Box 25687<br>Albuquerque, New Mexico 87125<br>Telephone:(505) 842-1950<br>Facsimile: (505) 243-4408<br>E-mail: tschwarz@mstlaw.com | District Court Case Number:<br>2017CV30053 |

**DEFENDANT'S NOTICE OF WAIVER OF SERVICE OF PROCESS OF PLAINTIFF'S COMPLAINT**

Defendant Electro Plastics, Inc., through its counsel of record, waives service of process of Plaintiff's Complaint.

Dated this 2nd day of June, 2017.

Respectfully submitted,

MILLER STRATVERT P.A.

By: */s/ Todd A. Schwarz*
Todd A. Schwarz
Attorneys for Defendant
P.O. Box 25687
Albuquerque, New Mexico 87125
(505) 842-1950
tschwarz@mstlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing Defendant's Notice of Waiver of Service of Process of Plaintiff's Complaint was transmitted this 2nd day of June, 2017, via ICCES, and addressed to:

Thomas M. Dunford
Sarah E. Killeen
Cozen O'Connor
707 17th St., Ste. 3100
Denver, CO 80202
Attorneys for Plaintiffs

*/s/ Todd A. Schwarz*
Todd A. Schwarz

\\Abq-tamarack\ProData\PENDING00008812\Pleadings\3199365.doc